IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-02203-SKC

CHARLOTTE E. MARTINEZ,

     Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

     Defendant.

---

## OPINION AND ORDER

---

This action arises under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83(c), for review of the Commissioner of Social Security's ("Commissioner" or "Defendant") final decision denying Charlotte Martinez's ("Plaintiff") application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the Magistrate Judge's jurisdiction. [#13.][1] The Court has carefully considered the Complaint [#1], Plaintiff's Opening Brief [#15], Defendant's Response Brief [#19], Plaintiff's Reply Brief [#20], the social security administrative record ("AR") [#11], and applicable law. No hearing is necessary. For the following reasons, the Court REVERSES the final decision and REMANDS for additional proceedings.

---

[1] The Court uses "[#__]" to refer to specific docket entries in CM/ECF. References to "[AR at __]" are to documents within the administrative record.

## A.  STANDARD OF REVIEW

Following the ALJ's decision [AR at 28-46], the Appeals Council denied Plaintiff's request for review. [*Id.* at 1-7.] The ALJ's decision then became the final decision of the Commissioner. 20 C.F.R. § 404.981; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted). Plaintiff filed this action on August 27, 2018. [#1]. The Court has jurisdiction to review the final decision of the Commissioner under 42 U.S.C. § 405 (g).

In reviewing the Commissioner's final decision, the Court's

review is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a scintilla, but less than a preponderance.

*Lee v. Berryhill*, 690 F. App'x 589, 590 (10th Cir. 2017) (internal quotation marks and citations omitted, citing *inter alia Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)). *See also* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive").

A court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing the ALJ's decision was justified. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "We review only the sufficiency of the evidence, not its weight . . . . Although the evidence may also have supported contrary findings, we may not displace the agency's choice between two fairly conflicting views." *Lee*, 690 F. App'x at 591-92. Nevertheless, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th

Cir. 1992) (internal citation omitted). The court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

## B. ANALYSIS

### 1. The ALJ's Global Citations Warrant Remand

The Court focuses only on the issue it has determined warrants reversal and remand. Plaintiff argues the ALJ "impermissibly cited entire exhibits en masse to support a given finding," and those "findings are not supported by substantial evidence." [#15 at p.7.] The Court agrees the ALJ's global citations inhibit the Court's meaningful review, and thus, do not constitute substantial evidence in support of the ALJ's decision.

When analyzing medical source opinions, the ALJ's decision inconsistently refers to the AR with specific pinpoint citations (those which cite specific pages within an exhibit) and other times with global citations (those which cite to an exhibit as a whole). The ALJ's analyses and conclusions concerning medical source opinion evidence begins on page ten of the ALJ's decision. [AR at 37.] There, the ALJ indicates he gave "significant weight" to the opinion of Barry Brown, the physical therapist who conducted the February 2014 FCE. Mr. Brown opined Plaintiff's abilities during the February 2014 FCE accorded with the duties of a light physical demand occupation for an eight-hour day. [*Id.*] The ALJ gave this opinion "significant weight" because "[i]t is based on objective testing, and it is

consistent with mild and minimal degenerative changes revealed in diagnostic tests, with the claimant's pain complaints, and with the unremarkable gait, strength, reflexes, and sensation the claimant has demonstrated in physical examinations." [*Id.*] In support of these findings, the ALJ cites exhibits 3F, 4F, 7F, 8F, 10F, 13F, 16F, 18F, and 20F. [*Id.*] Each of these exhibits have multiple pages, some many more than others:

| Exhibit | # of Pages |
|---------|------------|
| 3F | 5 |
| 4F | **81** |
| 7F | 8 |
| 8F | **94** |
| 10F | **19** |
| 13F | 6 |
| 16F | **31** |
| 18F | **54** |
| 20F | **23** |

[*Id.*] The ALJ also cited these exhibits to say "[t]his same evidence warrants giving partial weight to the opinion expressed by Dr. Iannotti," a consultative examiner. [*Id.*]

In another example, the ALJ assigned "some weight" to the opinions of Dr. Malmstrom, one of Plaintiff's medical providers. [AR at 38.] He did so, in part, because he found "Dr. Malmstrom's assessment of serious symptoms and limitations is inconsistent with the claimant's pleasant and cooperative attitude, and with the normal normal (sic) insight, judgment, thought processes, memory, concentration and reasoning she repeatedly has displayed." [*Id.*] While providing a pinpoint citation to exhibit 12F/3-4 from the AR, the ALJ also cited globally to exhibits 4F (81 pages), 18F (54 pages), and 20F (23 pages). [*Id.*]

In a final example, the ALJ gave "little weight" to a portion of Dr. Wharry's (the state agency psychological consultant) opinions and "significant weight" to other portions of Dr. Wharry's opinions while citing globally to exhibits 6F (3 pages), 12F (5 pages), 15F (9 pages), and 20F (23 pages). [AR at 38-39.] In this example, the paradox for the Court is clear—the ALJ cites globally to 15F (9 pages) and 20F (23 pages) in support of both the "little weight" <u>and</u> "significant weight" he accorded portions of Dr. Wharry's opinions. [*Id.*] This approach, with lack of pinpoint citations, would require the Court to review each page to glean which portions, if any, support the ALJ's different weight assignments he gave these opinions.

Numerous judicial officers in this district have determined an ALJ's general references to the administrative record make an ALJ's decision nearly impossible to review and does not constitute substantial evidence in support of the disability determination. *See Guerin v. Saul*, No. 19-CV-02614-RBJ, 2020 WL 4435247, at *8 (D. Colo. Aug. 3, 2020) ("I agree with Mr. Guerin that 'such generalized, global references to the record make the ALJ's opinion nearly impossible to review, and certainly do not constitute substantial evidence in support of the Commissioner's disability determination.'") (citing *Gutierrez v. Colvin*, 67 F. Supp. 3d 1198, 1203 (D. Colo. 2014)); *Johnson v. Berryhill*, No. 16-CV-3050-WJM, 2018 WL 1566838, at *6 (D. Colo. Mar. 30, 2018) ("[T]his bulk citation therefore fails to provide a sufficiently clear and specific explanation of the reasons why the ALJ found Dr. Edrich's opinion 'unpersuasive,' and lacking in objective support."); *Fritz v. Colvin*, No. 15-CV-00230-JLK, 2017 WL 219327, at *15 (D. Colo. Jan. 18, 2017) ("[T]he ALJ relies on citations to multi-page exhibits without

pinpoint citations to specific pages. The record in this case is 807 pages long and throughout the RFC discussion and the written findings generally, the ALJ provides only general references to exhibits in this case—many of which themselves are lengthy and include various forms of medical records. Such general citations do not constitute substantial evidence in support of the ALJ's decision, and ALJ's in this district have received fair notice of this concern."); *Brown v. Colvin*, No. 14-CV-02255-RM, 2016 WL 943777, at *8 (D. Colo. Mar. 14, 2016) ("[T]he Court is unable to determine whether substantial evidence supports the ALJ's conclusion that Dr. Vega's March 2011 opinion is 'inconsistent with the records as a whole.' The ALJ's failure to specifically highlight those portions of the record with which Dr. Vega's March 2011 opinion is allegedly inconsistent prevents the Court from determining whether substantial evidence supports the ALJ's conclusion that Dr. Vega's March 2011 opinion is entitled to no weight.").

Magistrate Judge Nina Y. Wang, faced an ALJ decision similar to what the Court sees here. In *Robles*, Magistrate Judge Wang noted the ALJ's decision "sporadically cites to exhibits in the record or relies on global references to large medical records, without any citation to a specific page within the exhibit." *Robles v. Comm'r, Soc. Sec. Admin.*, No. 18-CV-01235-NYW, 2019 WL 2393789, at *6 (D. Colo. June 6, 2019). This caused the court to be "wary that such a practice satisfies the ALJ's burden that substantial evidence support her decision." *Id.* (citing cases). The ALJ's decision here, with its inconsistent use of pinpoint and global citations, gives this Court similar unease.

"To be sure, the ALJ need not discuss <u>every</u> piece of evidence in the record, but she must still 'discuss the uncontroverted evidence [s]he chooses not to rely upon, as

well as significantly probative evidence [s]he rejects.'" *Id.* (emphasis in original) (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)). "And while '[i]t may be possible to assemble support for [her] conclusion from parts of the record cited elsewhere in the ALJ's decision, . . . that is best left for the ALJ [her]self to do in the proceedings on remand.'" *Id.* (quoting *Krauser v. Astrue*, 638 F.3d 1324, 1331 (10th Cir. 2011)). *See also Johnson*, 2018 WL 1566838, at *6 n.3 ("Here, while some of the ALJ's citations include page numbers, or cite to records only a few pages in length, other citations are to longer sets of documents, without page numbers or 'pincites.' . . . On remand, the ALJ should be cautious to avoid overly general citations to the record."); *Romo v. Colvin*, 83 F. Supp. 3d 1116, 1121, n.4 (D. Colo. 2015) ("I note that throughout his opinion, the ALJ cites to the record by way of global references to multi-page exhibits, without pinpoint citations to specific pages therein. This court is neither required nor inclined to scour the record in an attempt to divine the specific basis for an ALJ's opinion, and I thus repeatedly have found that such general citations do not substantiate the ALJ's disability decision.").

On this record, the ALJ's decision uses global citations to the AR in support of his findings concerning the weight he accorded medical source opinions. [AR at 37 (giving "significant weight" to Mr. Brown's opinions); *id.* (giving "partial weight" to Dr. Iannotti's opinions); *id* at 38 (giving "some weight" to Dr. Malmstrom's opinions); *id.* at 38-39 (giving "little weight" and "significant weight" to portions of Dr. Wharry's opinions).] When considering the opinions of a treating physician, the ALJ must "give good reasons in the notice of determination or decision for the weight assigned to a treating physician's opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). In the Tenth Circuit,

courts require a level of specificity sufficient "to make clear to any subsequent reviewer the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* In the absence of such articulation, the Court cannot determine whether there is sufficient evidence to support the ALJ's conclusions or if the ALJ even applied the appropriate legal standard. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). There can be no meaningful review absent express findings explaining the weight assigned to the treating physician's opinions. *Watkins*, 350 F.3d at 1301.

Because of the ALJ's lack of pinpoint citations in support of his findings for the weight he assigned different medical source opinions, "the ALJ's 'reasons for rejecting [or accepting those] opinion[s] are not sufficiently specific to enable this court to meaningfully review his findings.'" *Praytor v. Comm'r of SSA*, 750 F. App'x 723, 728 (10th Cir. 2018) (citation omitted); see also *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004) (remanding because the ALJ failed to explain or identify the "claimed inconsistencies" between treating physician's opinion and substantial evidence).

For these reasons, the case must be remanded for further explanation by the ALJ regarding the specific portions of the AR which support his findings concerning medical source opinions.

## 2.    Additional Medical Records on Remand

With her brief, Plaintiff included additional medical records that were not before the ALJ and not submitted to the Appeals Council. [*See* #15-1 and #15-2.] The Court finds good cause for consideration of these documents based on the above-discussed remand. *Wilson v. Astrue*, 602 F.3d 1136, 1149-50 (10th Cir. 2010); see also 42 U.S.C. § 405(g).

Plaintiff explains the omission of these documents from the AR thusly:

Two exhibits of evidence from treating physicians . . . were included with Plaintiff's opening brief because the records were in the Administrative Record provided by the agency after the Appeals Council denied review. The documents were included in the Administrative Record that was obtained from the Electronic Records Express (ERE), which is the method provided to the claimant for retrieval of the most recent compilation of the Administrative Record to date, i.e., the date of the AC denial. . . . The new evidence shows medical treatment for Plaintiff's hands and arms from Dr. Dallenbach and Dr. Larsen. Good cause exists because the Larsen and Dallenbach records were in the administrative record provided by the Appeals Council, and are used here by Plaintiff to show that the medical evidence in the current Record is not complete according to the "Record" provided by the agency to claimant after it denied her request for review.

[#20 at §5.]

The Court finds these circumstances establish good cause. It is not apparent Plaintiff is the cause of these records being omitted from the original AR, and nevertheless, they appear to be a part of the official record. Moreover, this Court's remand based on the citation issue is further good cause for consideration of these medical records on remand.

## C. CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion and order. On remand, the ALJ should more specifically identify, with pinpoint citations, those portions of the record in support of the ALJ's findings concerning medical source opinions.

FURTHER ORDERED the ALJ shall consider the additional records identified by Plaintiff that were not included in the original administrative record.

FURTHER ORDERED Plaintiff is awarded her costs, to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1).


DATED: November 24, 2020

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge